THE SCOTT FIRM
A. Baraka Scott (AS 8751)
55 Washington Street, Suite 705
Brooklyn, New York 11201
(718) 852-7000 (Telephone)
(718) 852-3302 (Facsimile)
ATTORNEYS FOR PLAINTIFF EDMUND BRYAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDMUND BRYAN,                        )  Case No.
                                     )
        Plaintiff,                   )  VERIFIED COMPLAINT
                                     )  (DEMAND FOR JURY TRIAL)
    vs.                              )
                                     )
MEMORIAL SLOAN-KETTERING CANCER      )
CENTER                               )
                                     )
                                     )
        Defendants.                  )



JUDGE STEIN

07 CIV 7300

RECEIVED
AUG 1 5 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff EDMUND BRYAN alleges:

1. Plaintiff is and was at all times mentioned herein a citizen of the State of New York. Plaintiff is of African descent, Jamaican, male, and at all times mentioned herein was an employee of Defendant MEMORIAL SLOAN-KETTERING CANCER CENTER (MEMORIAL).

2. Defendant, MEMORIAL is a corporation incorporated under the laws of the State of Delaware having its principal place of business in the State of New York.

3. The subject matter jurisdiction of this Court over Defendant MEMORIAL is predicated on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et.seq., which prohibits discrimination in the workplace because of national origin, color and race.

4. Plaintiff additionally asserts pendent State claims of race discrimination under New York State Constitution Article I §11 and New York State Executive Law Section 296, *et.seq*, and perceived sexual orientation under New York City Administrative Code § 8-107.

5. Plaintiff filed a timely charge of color discrimination, race discrimination, national origin discrimination, hostile work environment and retaliation with the Equal Employment Opportunity Commission and has received a right-to-sue letter. Thus, he has exhausted his administrative remedies.

6. Commencing on or about 2002, within the State of New York, Defendant MEMORIAL employees, supervisors, and managerial employees, began a pattern of discrimination and disparate treatment based on plaintiff's color, race, national origin and perceived sexual orientation which included but is not limited to the following: (a) offensive comments directed towards plaintiff; (b) harassing and disparate treatment as opposed to other employees; and (c) passing over plaintiff for promotions.

7. Defendant MEMORIAL, its employees, supervisors, and managerial agents, have retaliated against plaintiff in violation of 42 U.S.C. §2000e-3(a) by engaging in a course of retaliatory conduct when plaintiff was passed over for promotions after complaining of discriminatory misconduct by his immediate supervisor which retaliation was carried out by the Human Resource Department, and employees of Defendant MEMORIAL acting within the course and scope of their employment.

8. Defendant MEMORIAL acted with malice and reckless disregard of plaintiff's rights under federal and state laws prohibiting discrimination in the workplace based on race, national origin, and

sexual orientation. Further, Defendant MEMORIAL'S wrongful conduct was carried out and ratified by a managing agent, or a managing agent who had advance knowledge of the wrongful conduct toward plaintiff and ratified that conduct. As a result of Defendant's conduct, plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with applicable provisions of federal and state law.

9. Plaintiff herby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

WHEREFORE, plaintiff prays for judgment against Defendant MEMORIAL as follows:

1. For compensatory damages, including loss of wages, promotional opportunities, benefits and other opportunities, benefits and other opportunities of employment, according to proof;
2. For mental and emotional distress damages;
3. For an award of interest, including prejudgment interest, at the legal rate;
4. Equitable relief directing that plaintiff be promoted to the position of lead technician with full seniority all benefits and rights restored;
5. For an award of prevailing party attorneys fees;
6. For punitive and exemplary damages in an amount sufficient to punish and deter defendant's outrageous conduct;
7. For costs of suit incurred herein, and,

8. For such other and further relief as the court deems just and proper.

DATED: August __3__, 20_07_
Brooklyn, New York

_____
A. Baraka Scott (AS 8751)
Attorney for EDMUND BRYAN
55 Washington Street
Suite 705
Brooklyn, New York 11201
718.852.7000(p)
718.852.3302(f)

# VERIFICATION

STATE OF NEW YORK    )
COUNTY OF KINGS     )

I, **EDMUND BRYAN**, being duly sworn, deposes and says that I am the plaintiff in the within action; I have read the foregoing complaint and know the contents thereof; the contents of the complaint are true to my knowledge, except as to those matters I believe to be true upon information and belief.

*Edmund Bryan*

EDMUND BRYAN

Sworn to before me on the
3rd day of August, 2007

_____
NOTARY PUBLIC

BENJAMIN SCOTT
Notary Public, State of New York
No. 02SC6098574
Qualified in Kings County
Commission Expires Sept 15, 2007

- 6 -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------
--------------------------------X
EDMUND BRYAN,
                         Plaintiff,
      against


MEMORIAL SLOAN-KETTERING CANCER CENTER
                         Defendant.
--------------------------------X
------------------------------------------------
```

# VERIFIED COMPLAINT

THE SCOTT FIRM

55 WASHINGTON STREET

SUITE 705

BROOKLYN, NEW YORK 11201

718.852.7000(P)  718.852.3302(F)