UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
EDMUND BRYAN,               :
        Plaintiff,         :  No. 07 Civ. 7300 (SHS)
                            :  ECF Case
    -against-              :
                            :  **ANSWER**
MEMORIAL SLOAN-KETTERING CANCER  :
CENTER,                     :
        Defendant.         :
---------------------------------------- X

      Defendant, Memorial Sloan-Kettering Cancer Center ("Defendant" or the "Center"), by and through its attorneys, McDermott Will & Emery LLP, hereby answers the Complaint (the "Complaint") of plaintiff Edmund Bryan ("Plaintiff" or "Mr. Bryan") as follows:

## JURISDICTION

    1.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the race, color, ancestry or residency of Mr. Bryan as contained in paragraph 1 of the Complaint, except admits that Mr. Bryan is dark-skinned and is an employee of the Center.

    2.    Denies each and every allegation contained in paragraph 2 of the Complaint, except avers that the Center is a New York not-for-profit corporation with its main campus located in New York, New York.

    3.    Avers that the allegations contained in paragraph 3 of the Complaint state a legal conclusion to which no response is required. Answering further, Defendant respectfully refers the Court to the statutes referenced in paragraph 3 of the Complaint for the true and correct content thereof.

4.  Avers that the allegations contained in paragraph 4 of the Complaint state a legal conclusion to which no response is required. Answering further, Defendant respectfully refers the Court to the statutes referenced in paragraph 4 of the Complaint for the true and correct content thereof.

5.  Avers that the allegations contained in paragraph 5 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 5 contains factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.  Denies each and every allegation contained in paragraph 6 of the Complaint.

7.  Denies each and every allegation contained in paragraph 7 of the Complaint.

8.  Denies each and every allegation contained in paragraph 8 of the Complaint.

9.  Avers that the allegations contained in paragraph 9 of the Complaint state a legal conclusion to which no response is required.

10. Denies each and every allegation contained in paragraphs 1 through 8 under the WHEREFORE clause of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred, in part or in whole, by the equitable doctrine of *res judicata*. Specifically, Plaintiff initially brought his claims regarding perceived sexual orientation before the New York City Commission on Human Rights ("Commission") in September, 2002. Plaintiff's claims were litigated at a two-day hearing before an Administrative Law Judge ("ALJ") who determined that (i) the Center did not discriminate against Plaintiff based on his sexual orientation by failing to promote him; (ii) the complained-of-conduct was not sufficiently severe or pervasive enough to establish a hostile work environment; and (iii) Plaintiff

did not engage in protected activity because he never complained of discrimination. The Commission adopted the findings of the ALJ and dismissed Plaintiff's claims in their entirety. Plaintiff appealed the dismissal of his claims in a petition to the New York State Supreme Court, which upheld the dismissal in April, 2007. Because Plaintiff's claims regarding perceived sexual orientation represent the same factual allegations already litigated before the Commission, the ALJ and the New York State Supreme Court, these claims are *res judicata*. Further, to the extent Plaintiff alleges race, color and national origin discrimination regarding the same underlying facts, these claims are also *res judicata* because they should have been bought in connection with Plaintiff's prior action(s) involving the same facts.

## SECOND AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred, in part or in whole, by the equitable doctrine of *collateral estoppel*. Specifically, the ALJ's factual determinations that Plaintiff never protested any alleged acts of discrimination and that Plaintiff was not promoted for legitimate business reasons -- namely, that he lacked basic interpersonal skills -- *collaterally estops* re-litigation of these issues.

## THIRD AFFIRMATIVE DEFENSE

13. The Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in part or in whole, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred, in part or in whole, by the equitable doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred, in part or in whole, by the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred, in part or in whole, by the equitable doctrine of unclean hands.

**WHEREFORE**, Defendant respectfully requests that this Court:

a. Dismiss the Complaint, with prejudice;

b. Award Defendant its costs and disbursements associated with this action, including reasonable attorneys' fees; and

c. Award Defendant such other and further relief as determined by this Court.

Dated: New York, New York
October 9, 2007

Respectfully submitted,
McDERMOTT WILL & EMERY LLP

By: _____
Joel E. Cohen (JC 5312)
Katherine D. Kale (KK 7586)
340 Madison Avenue
New York, New York 10173
Tel: (212) 547-5400
Fax: (212) 547-5444

*Attorneys for Defendant Memorial
Sloan-Kettering Cancer Center*

NYK 1124411-1.034164.0066