UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

EDMUND BRYAN,                      :

                   Plaintiff,          :

      -against-                   :

MEMORIAL SLOAN-KETTERING CANCER  :
CENTER,

               Defendant.        :

------------------------------------ X

No. 07 Civ. 7300 (SHS)

ECF CASE

**ANSWER TO THE**
**AMENDED COMPLAINT**

Defendant, Memorial Sloan-Kettering Cancer Center ("Defendant" or the "Center"), by and through its attorneys, McDermott Will & Emery LLP, hereby answers the Amended Complaint (the "Amended Complaint") of plaintiff Edmund Bryan ("Plaintiff" or "Mr. Bryan") as follows:

## JURISDICTION

1.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the race, ancestry or residency of Mr. Bryan as contained in paragraph 1 of the Amended Complaint, except admits that Mr. Bryan is a dark-skinned male and is an employee of the Center.

2.      Denies each and every allegation contained in paragraph 2 of the Amended Complaint, except avers that the Center is a New York not-for-profit corporation with its main campus located in New York, New York.

3.      Avers that the allegations contained in paragraph 3 of the Amended Complaint state a legal conclusion to which no response is required.  Answering further, Defendant respectfully refers the Court to the statute referenced in paragraph 3 of the Amended Complaint for the true and correct content thereof.

4.      Avers that the allegations contained in paragraph 4 of the Amended Complaint state a legal conclusion to which no response is required.    Answering further, Defendant respectfully refers the Court to the statutes referenced in paragraph 4 of the Amended Complaint for the true and correct content thereof.

5.      Admits the allegations contained in paragraph 5 of the Amended Complaint.

6.      Admits the allegations contained in paragraph 6 of the Amended Complaint.

7.      Denies each and every allegation contained in paragraph 7 of the Amended Complaint.

8.      Avers that the allegations contained in paragraph 8 of the Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 5 contains factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Amended Complaint.

9.      Denies each and every allegation contained in paragraph 9 of the Amended Complaint.

10.     Denies each and every allegation contained in paragraph 10 of the Amended Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Amended Complaint.

12.     Denies each and every allegation contained in paragraph 12 of the Amended Complaint.

13.      Denies each and every allegation contained in paragraph 13 of the Amended Complaint.

14.    Denies each and every allegation contained in paragraph 14 of the Amended Complaint.

15.    Avers that the allegations contained in paragraph 15 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 15 contains factual allegations, Defendant denies each and every allegation contained in paragraph 15 of the Amended Complaint.

16.    Avers that the allegations contained in paragraph 16 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 16 contains factual allegations, Defendant denies each and every allegation contained in paragraph 16 of the Amended Complaint.

17.    Avers that the allegation contained in paragraph 17 of the Amended Complaint states a legal conclusion to which no response is required.

18.    Denies each and every allegation contained in paragraphs 1 through 8 under the WHEREFORE clause of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

19.    The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

20.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of *res judicata*. Specifically, Plaintiff initially brought his claims regarding perceived sexual orientation before the New York City Commission on Human Rights ("Commission") in September, 2002. Plaintiff's claims were litigated at a two-day hearing before an Administrative Law Judge ("ALJ") who determined that: (i) the Center did not discriminate against Plaintiff based on his sexual orientation by failing to promote him; (ii) the complained-of-conduct was not sufficiently severe or pervasive enough to establish a hostile work environment; and (iii) Plaintiff

did not engage in protected activity because he never complained of discrimination. The Commission adopted the findings of the ALJ and dismissed Plaintiff's claims in their entirety. Plaintiff appealed the dismissal of his claims in a petition to the New York State Supreme Court, which dismissal was upheld in April, 2007. To the extent Plaintiff's sexual orientation claims in the Amended Complaint represent the same allegations already litigated before the Commission, the ALJ and the New York State Supreme Court, these claims are *res judicata*. Further, to the extent Plaintiff alleges national origin discrimination and/or harassment regarding the same underlying facts, these claims are also *res judicata* because they should have been bought in connection with the prior proceedings.

### THIRD AFFIRMATIVE DEFENSE

21.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of *collateral estoppel*. Specifically, the ALJ's factual determination that Plaintiff was not promoted for legitimate business reasons -- namely, that he lacked basic interpersonal skills -- *collaterally estops* re-litigation of this issue.

### FOURTH AFFIRMATIVE DEFENSE

22.    Plaintiff cannot pursue his claims under § 296 of the Executive Law of the State of New York and § 8-107 *et seq.* of the Administrative Code of the City of New York to the extent he elected to pursue his administrative remedies with the New York City Commission on Human Rights.

### FIFTH AFFIRMATIVE DEFENSE

23.    Plaintiff's claims are barred to the extent they relate to allegations not asserted in his Charge of Discrimination filed with the Equal Employment Opportunity Commission.

## SIXTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims are barred as he unreasonably failed to timely report his allegations of harassment or otherwise take advantage of preventative or corrective opportunities provided by Defendant or to otherwise avoid alleged harm.

## SEVENTH AFFIRMATIVE DEFENSE

25.    Immediately upon learning of Plaintiff's complaints, the Center promptly and thoroughly investigated Plaintiff's complaints and exercised reasonable care to prevent and correct any harassing behavior.

## EIGHTH AFFIRMATIVE DEFENSE

26.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

27.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

28.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

29.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

30.    To the extent Plaintiff has suffered any emotional distress, it was caused by events or conduct unrelated to the conduct alleged in the Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

31.    Plaintiff is not entitled to recover compensatory and punitive damages because Defendant did not engage in unlawful intentional discrimination, nor did it engage in any discriminatory practice with malice or reckless indifference to the rights of Plaintiff.

**WHEREFORE,** Defendant respectly requests that this Court:

a.    Dismiss the Amended Complaint, with prejudice;

b.    Award Defendant its costs and disbursements associated with this action, including reasonable attorneys' fees; and

c.    Award Defendant such other and further relief as determined by this Court.

Dated: New York, New York
          November 20, 2007

Respectfully submitted,
McDERMOTT WILL & EMERY LLP

By:_____
          Joel E. Cohen (JC 5312)
          Katherine D. Kale (KK 7586)
          340 Madison Avenue
          New York, New York 10173
          Tel: (212) 547-5400
          Fax: (212) 547-5444

*Attorneys for Defendant Memorial
Sloan-Kettering Cancer Center*

NYK 1131806-1.034164.0066

-6-