# THE SCOTT FIRM, P.C.
ATTORNEYS-AT-LAW
55 WASHINGTON STREET, SUITE 705
BROOKLYN, NEW YORK 11201
718.852.7000(P)  718.852.3302(F)

December 10, 2007

**BY ELECTRONIC CASE FILING**
The Honorable Sidney H. Stein
United States District Court
Southern District Of New York
500 Pearl Street
New York, New York  10017

Re:  Bryan v. Memorial Sloan-Kettering Cancer Center / 07cv7300(SHS)

Dear Judge Stein:

Plaintiff writes to you in response to Defendant Memorial Sloan-Kettering Cancer Center's ("Memorial") November application to dismiss several of the claims in the amended complaint of the above-referenced matter, on the legal theories of *res judicata* and *collateral estoppel*.  Memorial's application is without merit and should be dismissed in its entirety.

Plaintiff's amended complaint, asserts "Title VII" claims of discrimination and retaliation on the basis of national origin along with New York State claims of national origin and sexual orientation discrimination.  All of the specific allegations giving rise to discrimination and retaliation, as cited by the amended complaint, occur during and subsequent to a New York City Human Rights Commission ("NYCHRC") investigation which culminated with a June 2006 hearing between the above-referenced parties.

Since the June 2006 hearing, Plaintiff has been verbally abused in the workplace regarding his national origin and his perceived sexual orientation.  The acts of retaliation against Plaintiff commenced during the pendency of the NYCHRC investigation and have continued thereafter.

While Memorial concedes that Plaintiff's claims of harassment based upon national origin are meritorious, it attempts to procedurally dismiss Plaintiff's claims of retaliation and sexual orientation discrimination even though they arise within same time and under the identical circumstances.

Memorial, by this *res judicata* application attempts to create a permanent license to violate Plaintiff's state and federal rights by arguing that a favorable decision on their part in a prior proceeding renders all subsequent, offensive workplace behavior permissible.  The legal principle of *res judicata* does not permit a defendant who has

been acquitted of speeding in one instance to drive at fifteen miles over the speed limit for the rest of their life. Plaintiff's rights to a workplace free of hostility and verbal abuse were not stripped by NYCHRC. Wholly and totally new acts of discrimination are at issue in the case at bar and a finder of fact may reasonably conclude that Memorial has discriminated against Plaintiff on these grounds.

Memorial also relies on *collateral estoppel* as a principle to dismiss Plaintiff's claims of discrimination and retaliation. Memorial relies on findings of fact as interpreted by the NYCHRC that were applied to a different group of facts to wit: Plaintiff is "unpromotable" and thus can not be retaliated against. Failure to promote is only one rubric of Plaintiff's retaliation claims which also alleges offensive comments and disparate treatment. The nature of NYCHRC finding also should be viewed as static in the context of new allegations of wrongdoing.

Memorial's argument regarding the "adverse action" is an argument for summary judgment and should not be considered by the Court until proper discovery on the relevant issues is permitted.

By recognizing the efficacy of Plaintiff's national origin claim, Memorial tacitly acknowledges the immutable right of Plaintiff to assert equal opportunity employment rights after a finding on similar claims at an earlier proceeding. Memorial's application to dismiss several of Plaintiff's claims must then be viewed by the Court as a defendant's attempt to narrow their scope of liability by whittling away multiple causes of action that are rationally and reasonably related to one another, and therefore viable alone and in tandem.          .

Memorial's application should therefore be denied in all respects. Thank you for your attention in this matter.

                                                Respectfully submitted,

                                                      / S /
                                              A. Baraka Scott (AS8751)

cc: Joel E. Cohen, Esq. (by hand)
    Katherine Dana Kale, Esq. (by hand)