UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

EDMUND BRYAN,                                    :

              Plaintiff,             :   No. 07 Civ. 7300 (SHS)

      -against-                          :   ECF CASE

MEMORIAL SLOAN-KETTERING CANCER .
CENTER,

            Defendant.             :

------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR RULE 37 SANCTIONS

**McDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, New York 10173
(212) 547-5400

*Attorneys for Defendant*

# TABLE OF CONTENTS

**Page**

TABLE CONTENTS .................................................................................................... i

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ........................................................................................................ 1

ARGUMENT ............................................................................................................. 3

       DEFENDANT IS ENTITLED TO RECOVER ITS COSTS AND ATTORNEYS'
       FEES ASSOCIATED WITH PLAINTIFF'S FAILURE TO APPEAR FOR HIS
       DEPOSITION ..................................................................................................... 3

A.    DEFENDANT SHOULD BE AWARDED THE CANCELLATION  FEE
       INCURRED FROM THE COURT REPORTING AGENCY ........................................ 4

B.    DEFENDANT SHOULD BE AWARDED ITS ATTORNEYS' FEES
       ASSOCIATED WITH PLAINTIFF'S FAILURE TO APPEAR FOR HIS
       DEPOSITION ..................................................................................................... 4

C.    DEFENDANT SHOULD BE AWARDED ITS COSTS AND ATTORNEY'S
       FEES ASSOCIATED WITH ITS MOTION FOR SANCTIONS .................................... 6

CONCLUSION ......................................................................................................... 7

## PRELIMINARY STATEMENT

Defendant Memorial Sloan-Kettering Cancer Center ("Defendant" or the "Center") files this memorandum of law in support of its motion for sanctions (this "Motion") resulting from plaintiff Edmund Bryan's ("Plaintiff") failure to appear for his scheduled deposition on April 14, 2008. Specifically, the Center seeks to recover: (i) the cancellation fee charged by the court reporting agency; (ii) partial attorneys' fees associated with preparing for Plaintiff's cancelled deposition; and (iii) all costs and attorneys' fees associated with making this Motion.

## BACKGROUND

Defendant files this Motion as a result of Plaintiff's counsel's blatant and intentional disregard of the Federal Rules of Civil Procedure and attorney professionalism. The origins of this Motion date back to March 5, 2008, which was the first mutually agreed-upon date for Plaintiff's deposition. (Kale Aff., Ex. 1.) Plaintiff failed to timely respond to Defendant's document requests prior to such date and, thus, Defendant had no choice but to adjourn Plaintiff's deposition until such time as it had received and reviewed his document responses. (Id. at ¶3, Ex. 2.) Thereafter, on March 12, 2008, counsel for the parties orally discussed deposition dates during a telephone conversation. Plaintiff's counsel indicated he was available on either April 14th or April 15th, and the parties initially agreed to conduct the deposition on April 15th. (Id. at ¶4.) However, the following day, Defendant learned of a conflict with April 15th, and issued the formal notice of deposition (the "Notice") for April 14th, which was the alternative date discussed with Plaintiff's counsel. (Id. at ¶4, Ex. 3.) In order to avoid confusion as to the date of Plaintiff's deposition, Defendant's March 17, 2008 cover letter enclosing the Notice provided:

> "[e]nclosed please find the Notice of Deposition of plaintiff Edmund Bryan scheduled for **Monday, April 14, 2008**, beginning at 10:00 a.m. Please note that, during our discussion of possible deposition dates last week, I was unaware that Mr. Cohen has a previously scheduled conflict on April 15th. As such, we have

noticed Mr. Bryan's deposition for April 14th, which is the other date that we discussed. Please contact me immediately if you are no longer available on April 14th.

(emphasis in original). (Id. at ¶4, Ex. 4.)[1]

Defendant received no response from Plaintiff's counsel indicating that he was no longer available on April 14th. (Id. at ¶4.) Thereafter, on April 1st, Defendant's counsel sent another letter to Plaintiff's counsel regarding a number of outstanding discovery issues that needed to be resolved prior to Plaintiff's deposition. (Id. at ¶5, Ex. 5.) In that letter, Defendant *clearly and unmistakably* stated that Plaintiff's deposition was scheduled for April 14, 2008. (Id.) Moreover, as a courtesy, on Friday, April 11th, Defendant's counsel sent Plaintiff's counsel an email reminding him of Plaintiff's deposition on Monday, April 14th, and providing instructions as to where to go when he arrived at the office. (Id. at ¶6, Ex. 6.) Thereafter, at approximately 2:30 p.m. on Sunday, April 13th -- less than twenty-four hours before Plaintiff's scheduled deposition and over the weekend -- Plaintiff's counsel first informed Defendant's counsel of his apparent confusion as to Plaintiff's deposition date. (Id. at ¶6.) Specifically, Plaintiff's counsel replied to Defendant's counsel's April 11th email stating, "I am now checking this email. I had the deposition scheduled for the 15th." (Id. at Ex. 7.) Defendant's counsel immediately responded to his email clarifying that Plaintiff's deposition was scheduled for April 14th, and expressing Defendant's desire to proceed with the deposition as scheduled given the pending close of discovery and multiple depositions yet to be taken (and to which Plaintiff's deposition must take

---

[1] Notably, Defendant's counsel specifically put the change of date *in writing* due to concern about Plaintiff's counsel's recollection of oral conversations. Such concern stemmed from the apparent "misunderstanding" -- albeit one-sided -- regarding the status of Center's settlement offer as relayed to the Court by Plaintiff's counsel at the parties' mid-discovery conference on March 14, 2008.

priority).[2] (Id. at Ex. 8.) Additionally, Defendant's counsel requested confirmation by 6:00 p.m. as to whether Plaintiff's deposition would go forward on April 14th. (Id.)

Plaintiff's counsel never responded and never definitively stated whether Plaintiff would appear for his deposition on April 14th. (Id. at ¶6.) Thus, at 6:00 p.m., Defendant's counsel left a voice mail message with Plaintiff's counsel's office inquiring as to the status of the deposition. (Id. at ¶7.) The next morning, having heard nothing from Plaintiff's counsel since his initial email, Defendant's counsel left him a second voice mail message. (Id. at ¶8.) Finally, at approximately 9:30 a.m., Plaintiff's counsel called and officially cancelled Plaintiff's deposition. (Id.) During the conversation, Plaintiff's counsel conceded responsibility, explaining that he had calendared the deposition for April 15th and had disregarded the date on the Notice and subsequent correspondence. (Id.) Upon receiving confirmation that Plaintiff would not appear for his deposition that day, Defendant's counsel immediately cancelled the court reporter. (Id.) Nonetheless, the court reporting agency charged Defendant $175.00 (the "Cancellation Fee"), which is the agency's standard late notice cancellation fee. (Id. at Ex. 9.) The parties have since re-scheduled Plaintiff's deposition for April 21, 2008. (Id. at ¶8.)

## ARGUMENT

### DEFENDANT IS ENTITLED TO RECOVER ITS COSTS AND ATTORNEYS' FEES ASSOCIATED WITH PLAINTIFF'S FAILURE TO APPEAR FOR HIS DEPOSITION.

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure ("Rule 37(d)"), upon a party's failure to appear at his own deposition, the Court "shall require the party failing to act . . . to pay the reasonable expenses, including attorneys' fees, caused by the failure . . . ." See FED. R. CIV. P. 37(d). As set forth more fully below, the Center is entitled to recover its costs and fees

---

[2] Moreover, it was reasonable for Defendant to believe that Plaintiff could appear for his deposition even on such short notice given that he works the night shift and, thus, the deposition should not have interfered with his work schedule.

associated with Plaintiff's failure to appear for his scheduled deposition.

### A.    Defendant Should Be Awarded The Cancellation Fee Incurred From The Court Reporting Agency.

As noted above, Plaintiff's counsel cancelled Plaintiff's deposition approximately thirty minutes before its scheduled start time. Defendant was charged the $175.00 Cancellation Fee from the court reporting agency due to the late notice of cancellation. The Cancellation Fee was unnecessarily incurred because, had Plaintiff's counsel notified Defendant prior to the morning of the deposition, such fee could have been avoided in its entirety. In fact, the Cancellation Fee might even have been avoided as late as April 13th, if Plaintiff's counsel had definitively stated whether Plaintiff would appear for his deposition -- rather than simply express his mistake as to the date. (See discussion *supra* 2-3.) In any event, Defendant is entitled to recover the Cancellation Fee as an expense incurred due to Plaintiff's failure to appear at his scheduled deposition. See, e.g., Bey v. City of New York, No. 99 Civ. 3873 (LMM)(RLE), 2007 U.S. Dist. LEXIS 44202, at *15 (S.D.N.Y. Jun. 15, 2007)(awarding $228.75 in copying and court reporter fees associated with failure to appear at deposition); Archer v. Heiss, No. 98 Civ. 1278 (DLC), 1998 U.S. Dist. LEXIS 19919, at *7 (S.D.N.Y. Dec. 23, 1998)(awarding reimbursement of $1,150 associated with court reporter fee and attorney's fee due to opposing party's failure to appear at scheduled deposition). Accordingly, the Court should order Plaintiff to reimburse Defendant the cost of the $175.00 Cancellation Fee.

### B.    Defendant Should Be Awarded Its Attorneys' Fees Associated With Plaintiff's Failure To Appear For His Deposition.

Defendant is also entitled to recover a portion of its fees incurred in connection with the cancelled deposition because Plaintiff's counsel conceded responsibility for his failure to read correspondence expressing the change in the deposition date. (See discussion *supra* 3.) Indeed, there is no dispute as to Plaintiff's counsel's blatant disregard of four sets of Defendant's

correspondence: (i) the March 17, 2008 cover letter enclosing the Notice, which explicitly explained the change in date and asked to be contacted if such date was no longer available; (ii) the Notice itself; (iii) the April 1, 2008 letter, which referenced the date of Plaintiff's deposition multiple times; and (iv) the April 11, 2008 email reminding Plaintiff's counsel of the date and time of Plaintiff's deposition. Due to these *multiple* oversights, Defendant unnecessarily incurred attorneys' fees in connection with Plaintiff's cancelled deposition.

In light of the forgoing, Defendant is entitled to recover a portion of its attorneys' fees incurred in connection with its preparations for the April 14th deposition. Specifically, such fees stem from the following work performed by Defendant's counsel: (i) 1 hour of lead counsel Joel Cohen's time spent preparing for the deposition;[3] and (ii) 1.9 hours of associate Katherine Kale's time to attempting to confirm and ultimately re-schedule the deposition.[4] Additionally, Defendant's counsels' firm, McDermott Will & Emery LLP ("McDermott"), lost fees associated with the 7 hours of Mr. Cohen's time blocked off for Plaintiff's deposition that could have been spent on other matters. Simply stated, Defendant should not bear full financial responsibility for the fees incurred as a direct result of Plaintiff's counsel's inexcusable neglect, nor should McDermott lose fees associated with the last minute cancellation of the deposition, which cancellation could have been avoided by even a minimal level of attention to correspondence in

---

[3] Mr. Cohen spent 4 hours preparing for Plaintiff's deposition that did not go forward on April 14th. (Id. at ¶9.) As Mr. Cohen will have to spend additional time re-preparing for Plaintiff's April 21st deposition, Defendant is requesting reimbursement for 1 hour of Mr. Cohen's time at his hourly billing rate of $755.00. (Id.)

[4] This includes: drafting email response to Plaintiff's counsel attaching previous correspondence regarding Plaintiff's deposition date (.5); conferring with Mr. Cohen and Center representative regarding status of the deposition (.4); leaving two separate voice mail messages for Plaintiff's counsel regarding status of the deposition (.2); and cancelling court reporter and re-scheduling Plaintiff's deposition (.8). (Kale Aff. ¶9.) At Ms. Kale's billing rate of $405.00 per hour, this totals $769.50. (Id.)

this matter by Plaintiff's counsel. See Bey, 2007 U.S. Dist. LEXIS 44202, at *15 (awarding $6,275.50 in attorneys' fees associated with failure to appear at deposition); Massaro v. Allingtown Fire Dist., No. 02 Civ. 537 (PCD), 2003 U.S. Dist. LEXIS 17929, at *4 (D. Conn. Aug. 2, 2003)(awarding $1,500 in attorneys' fees due to opposing party's failure to attend deposition); Young v. Rogers & Wells, No. 00 Civ. 8019 (GEL), 2002 U.S. Dist. LEXIS 25103, at *8 (S.D.N.Y. Feb. 21, 2002)(awarding $2,000 to recover counsel's fees associated with opposing party's late appearance at deposition); Archer, 1998 U.S. Dist. LEXIS 19919, at *7 (awarding reimbursement of $1,150 associated with attorneys' fees incurred as a result of opposing party's failure to appear at scheduled deposition).  Accordingly, this Court should award Defendant its partial attorneys' fees in the amount of $1524.50.

### C.    Defendant Should Be Awarded Its Costs And Attorneys' Fees Associated With Its Motion For Sanctions.

Finally, this Court should award Defendant its attorneys' fees and costs associated with making this Motion for sanctions due to Plaintiff's counsel's conduct outlined above. See Sheehy v. Wehlage, No. 02 Civ. 592A, 2007 U.S. Dist. LEXIS 11722, at *21-22 (W.D.N.Y. Feb. 20, 2007)(awarding $5,000 in attorneys' fees and costs associated, in part, with making motion for sanctions under Rule 37 after plaintiffs failed to appear at depositions); T.B.I. Indus. Corp. v. Emery Worldwide, 900 F. Supp. 687, 694 (S.D.N.Y. Oct. 16, 1995)(awarding fees associated with making motion for sanctions).  In this regard, Defendant expressly reserves its right to submit a supplemental application for its costs and attorneys' fees, provided that the Court grants this Motion and permits such recovery.

## CONCLUSION

Accordingly, because Defendant incurred unnecessary costs and attorneys' fees resulting from Plaintiff's failure to appear for his scheduled deposition, the Court should enter an order awarding Defendant the Cancellation Fee and a portion of its attorneys' fees, for a total of $1699.50, plus its costs and attorneys' fees associated with making this Motion.

Dated: New York, New York
      April 17, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: _____

Joel E. Cohen (JC 5312)
Katherine D. Kale (KK 7586)
340 Madison Avenue
New York, New York  10173
(212) 547-5400

*Attorneys for Defendant*

NYK 1156257-1.034164.0066