### THE SCOTT FIRM, P.C.
ATTORNEYS-AT-LAW
55 WASHINGTON STREET, SUITE 705
BROOKLYN, NEW YORK 11201
718.852.7000(P)  718.852.3302(F)

May 7, 2008

**BY ELECTRONIC CASE FILING**
The Honorable Sidney H. Stein
United States District Court
Southern District Of New York
500 Pearl Street
New York, New York  10017

Re:  Bryan v. Memorial Sloan-Kettering Cancer Center / 07cv7300(SHS)

Dear Judge Stein:

Plaintiff writes to you in response to Defendant Memorial Sloan-Kettering Cancer Center's ("Memorial") April 30, 2008 recitation of facts that it alleges proves it is entitled to summary judgment dismissing plaintiff Edmund Bryan's Amended Complaint in its entirety on the grounds that there are no genuine issues of material fact in dispute. Memorial's application is without merit and should be dismissed in its entirety.

Plaintiff's Amended Complaint, asserts "Title VII" claims of discrimination and retaliation on the basis of national origin along with New York State claims of national origin and sexual orientation discrimination.  All of the specific allegations giving rise to discrimination and retaliation, as cited by the amended complaint, occur during and subsequent to a New York City Human Rights Commission ("NYCHRC") investigation which culminated with a June 2006 hearing between the above-referenced parties.

The discovery process in this litigation has revealed several genuine issues of material fact in dispute.

Memorial claims that plaintiff can not establish a *prima facie* case of discrimination because he is not a member of a protected class (sexual orientation).  Mr. Bryan claims he has been discriminated against in the work place because he is perceived as being gay.  Mr. Bryan testified during his deposition to the fact that he has been subjected to homophobic slurs and innuendos while in the workplace.  Mr. Bryan's male supervisor, Rupert Gillette, alleged during that Mr. Bryan touched him in a sexual manner; a claim that Mr. Bryan denies.

Memorial also claims that Mr. Bryan cannot show he was qualified to be an equipment specialist.  Mr. Bryan testified during his deposition to training several coworkers and supervisors including Miguel Ruiz and Michael Rodriguez.  Rupert

Gillette also conceded during deposition to frequently directing Mr. Bryan to train other Memorial employees. Memorial also alludes to complaints filed by coworkers against Mr. Bryan. Plaintiff demands that any documents related to these alleged complaints be turned over to as they are responsive documents related to previous discovery demands.

Memorial further claims that Mr. Bryan has no proof of retaliation. Mr. Bryan has been verbally abused by his supervisors in the workplace. Mr. Bryan has also been held out to peculiar ridicule by his supervisor Rupert Gillette when Mr. Gillette took work product from Mr. Bryan, marked it as being improperly completed and posted for public view in the workplace.

Memorial lastly claims that Mr. Bryan can not establish a claim of hostile work environment. Mr. Bryan has testified to a history of slurs and pervasive insults during his tenure with Memorial. Discovery of documents from Memorial confirms that the workplace environment continues to suffer from a deficit of appropriate language and behavior. Mr. Bryan has been the object of ridicule and scorn not only by his supervisor but co-workers. Memorial's unwillingness to take definitive action and improve the work environment shows a callous disregard for Mr. Bryan and his rights.

Memorial's application should therefore be denied in all respects. Thank you for your attention in this matter.

Respectfully submitted,

/ S /
A. Baraka Scott (AS8751)

cc:  Joel E. Cohen, Esq. (by mail)
     Katherine Dana Kale, Esq. (by mail)