UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
EDMUND BRYAN,                                    :

        Plaintiff,                    :     No. 07 Civ. 7300 (SHS)

                                         ECF CASE
        -against-                     :

MEMORIAL SLOAN-KETTERING CANCER :   **AFFIDAVIT OF**
CENTER,                                          **KATHERINE D. KALE, ESQ.**

        Defendant.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
STATE OF NEW YORK    )
                        ) ss.
COUNTY OF NEW YORK  )

        KATHERINE D. KALE, being duly sworn, deposes and says:

        1.     I am duly admitted to practice law in this Court and am an associate at the law firm of McDermott Will & Emery LLP, counsel for defendant Memorial Sloan-Kettering Cancer Center ("Defendant" or the "Center"), in the above-captioned action.

        2.     I am fully familiar with the facts of this proceeding and make this affidavit in support of Defendant's Motion For Summary Judgment.

        3.     On September 13, 2002, Edmund Bryan ("Mr. Bryan") filed a complaint against the Center with the New York City Commission on Human Rights ("City Commission") asserting claims of discrimination, retaliation and harassment on the basis of perceived sexual orientation.  On June 5-6, 2006, these claims were litigated at a two-day hearing before an Administrative Law Judge ("ALJ") who determined that: (i) Mr. Bryan was not a member of a protected class and the Center did not discriminate against him based on his perceived sexual orientation by failing to promote him; (ii) the complained-of-conduct was not sufficiently severe or pervasive enough to establish a hostile work environment; and (iii) Mr. Bryan did not engage

in protected activity because he never complained of discrimination. (A true and correct copy of the July 25, 2006 decision of the ALJ is attached hereto as Exhibit A.) The City Commission adopted the findings of the ALJ and dismissed Mr. Bryan's claims in their entirety. (A true and correct copy of the City Commission's October 3, 2006 decision is attached hereto as Exhibit B.) Mr. Bryan appealed the City Commission's dismissal by way of a petition to the New York State Supreme Court. On April 20, 2007, the New York State Supreme Court upheld the City Commission's dismissal in a final disposition. (A true and correct copy of the New York Supreme Court's April 20, 2007 decision is attached hereto as Exhibit C.)

4.      On February 20, 2007, and while his claims were still pending before the New York State Supreme Court, Mr. Bryan filed a charge of discrimination ("Charge") against the Center with the Equal Employment Opportunity Commission ("EEOC"). The EEOC dismissed the Charge concluding that, based on the evidence presented, no violations had occurred. (A true and correct copy of the EEOC's determination letter is attached hereto as Exhibit D.) Thereafter, Mr. Bryan filed a complaint with this Court, which complaint was subsequently amended to abandon the causes of action related to Mr. Bryan's race and/or color.

5.      Attached hereto as Exhibit E are true and correct copies of those pages from Edmund Bryan's deposition transcript that are referred to in the Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment ("Memorandum of Law").

6.      Attached hereto as Exhibit F are true and correct copies of those pages from Shelia Donoghue's deposition transcript that are referred to in the Memorandum of Law.

7.      Attached hereto as Exhibit G are true and correct copies of those pages from Miguel Ruiz's deposition transcript that are referred to in the Memorandum of Law.

8.     Attached hereto as Exhibit H are true and correct copies of those pages from Rupert Gillette's deposition transcript that are referred to in the Memorandum of Law.

9.     Attached hereto as Exhibit I are true and correct copies of those pages from Dr. Michael Murphy's deposition transcript that are referred to in the Memorandum of Law.

10.     Attached hereto as Exhibit J are true and correct copies of the relevant documents marked as Exhibits 1 through 8 at Edmund Bryan's deposition that are referred to in Defendant's Memorandum of Law.

11.     Attached hereto as Exhibit K are true and correct copies of the relevant documents marked as exhibits at Sheila Donoghue's deposition that are referred to in Defendant's Memorandum of Law.

WHEREFORE, the undersigned respectfully requests that this Court grant Defendant's Motion in its entirety.

_Katherine Kale_
Katherine D. Kale

Duly sworn to before me this
30th day of May 2008.

_Notary Public_

JOANNE ALNAJJAR
Notary Public, State of New York
No. 02AL6164964
Qualified in New York County
Commission Expires May 7, 2011

NYK 1162167-1.034164.0066

- 3 -