# EXHIBIT B

CITY OF NEW YORK
COMMISSION ON HUMAN RIGHTS
-------------------------------------------------x
        In the Matter of

EDMUND BRYAN,

               Petitioner,

       -against-

MEMORIAL SLOAN-KETTERING
CANCER CENTER, JOHN MEGGS,
RUPERT GILLETTE, AND SHEILA
DONOGHUE,

            Respondents.
-------------------------------------------------x

Complaint #
02-1013240

OATH Index #
06/0183



OCT 3 2006
by mail

## DECISION AND ORDER

On September 13, 2002, the petitioner filed a Verified Complaint with the New York City Commission on Human Rights (hereafter referred to as the "Commission") alleging violations of the Administrative Code of the City of New York. Specifically, the complaint states that between November 2000 and July 2001, Mr. Bryan, who it is alleged is perceived to be homosexual, was subjected to disparate treatment, including, being passed over for promotion, being required to perform the duties of a higher title without compensation and being subjected to homophobic comments about his workout habits and attire. The complaint goes on to allege that Mr. Bryan reported the above-referenced treatment to the Human Resources Department on December 1, 2000 and that beginning on December 22, 2000, respondent Gillette retaliated against him by threatening him with disciplinary action, allowing co-workers to treat him in a demeaning manner and requiring him to sign reports that did not relate to his assignments. Mr. Bryan

MKSCC 00681

further alleges in his complaint that he reported these additional incidents to the Human Resources Department, as well as the other respondents on two dates in May 2001, in September 2001 and again in June 2002.

The respondents admitted that Mr. Bryan complained on numerous occasions about his assignments and interactions with co-workers; however, never complained about discrimination. This fact is corroborated by a March 2002 letter from Mr. Bryan's attorney, wherein there is no mention of discrimination of any sort. The respondents also acknowledged that respondent Gillette used foul language on the shift, an offense that resulted in Gillette being disciplined and having a counseling memo placed in his personnel folder.

On July 13, 2005, without the benefit of having observed the complainant and other witnesses being subjected to cross-examination, the Commission referred to matter to the Office of Administrative Trials and Hearings (hereafter referred to as "OATH").

A trial before Administrative Law Judge Kevin Casey was conducted in OATH on June 5 & 6, 2005. The complainant's case consisted of four witnesses; one current co-worker (Audwin Fogle), a former co-worker (John Arzu), the complainant and the complainant's brother (Conrad Barclay), called to offer testimony about recent changes in the complainant's state of mind. The respondent's case consisted of eight witnesses; the three named respondents and five other employees.

It should be noted that none of the witnesses believed that the complainant was homosexual. If fact, even the complainant admitted that prior to his conversion, he often spoke to his co-workers' about his collection of heterosexual pornography and his stripper girlfriends.

ALJ Casey issued a Report and Recommendation on June 25, 2006, wherein he recommended that the complaint be dismissed. All parties were given until September 12, 2006 to comment on the Report and Recommendation.

After a review of the trial transcript, the Report and Recommendation of ALJ Casey, and the comments from each side, the Commission must agree with ALJ Casey's recommendation and Order the complaint dismissed.

The complainant has the burden of establishing a *prima facie* case. Part of the burden includes providing evidence of membership in a class of individuals protected by the New York City Human Rights Law. As indicated above, none of the witnesses believed that the complainant was homosexual. There was clear evidence, from the complainant's own mouth, that he was heterosexual and that he would speak about his girlfriends and other matters with his co-workers. Mr. Bryan has failed to establish that he is a member or a perceived member of a protected class; therefore, he has failed to establish a *prima facie* case and his complaint must be dismissed.

Assuming, *arguendo*, that the complainant established his membership in a protected class, ALJ Casey determined that the complainant and his witnesses were not credible; therefore, the complainant was unable to prove that the respondents acted with discriminatory animus or that he even complained of discrimination. It is well settled that the finder of fact, in this case ALJ Casey, should be the ultimate judge in matters of credibility since they have the opportunity to hear the testimony firsthand and observe the demeanor of the witnesses.

Lastly, once again assuming that the complainant did meet his burden of proof, the record is replete with references to the complainant's anti-social behavior at work and

MKSCC 00683

his inability to work effectively with his co-workers and supervisors. The respondents could easily establish non-pretextual reasons for their failure to promote the complainant.

IT IS HEREBY ORDERED, that the complaint be dismissed.

Pursuant to Section 8-123(h) of Title 8 of the Administrative Code of the City of New York, anyone aggrieved by this Order has thirty (30) days after service to seek review in the New York State Supreme Court.

Dated: New York, New York
       October    , 2006

SO ORDERED:
New York City Commission on Human Rights

Dr. Edison O. Jackson
Commissioner

Grace Lyu-Volckhausen
Commissioner

Patricia L. Gatling
Commissioner

MKSCC  00684