# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: HON. JUDITH J. GISCHE                                      PART 10

Index Number : 115943/2006
CITY OF NEW YORK COMMISSION
vs
MEMORIAL SLOAN-KETTERING
Sequence Number : 001
OTHER RELIEFS

| | INDEX NO. |
|---|---|
| | MOTION DATE |
| | MOTION SEQ. NO. |
| | MOTION CAL. NO. |

_____ to _____ were read on this motion to/for

PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...
Answering Affidavits — Exhibits ...
Replying Affidavits ...

Cross-Motion:   ☐ Yes   ☒ No

Upon the foregoing papers, it is ordered that this motion

*[illegible handwriting]*

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

**MOTION IS DECIDED IN ACCORDANCE WITH
THE ACCOMPANYING MEMORANDUM DECISION.**

Dated: APR 20 2007

HON. JUDITH J. GISCHE   J.S.C.

Check one:   ☒ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION
Check if appropriate:   ☐ DO NOT POST

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 10
-------------------------------------------------------x

City of New York Commission on
Human Rights *on complaint of*
Edmund Bryan,
                      Petitioner,

        -against-

Memorial Sloan-Kettering Cancer Center,
John Meggs, Rupert Gillette, and
Sheila Donahue,
                      Respondents.
-------------------------------------------------------x

**DECISION/ORDER**
Index No.:   115943/06
Seq No.:      001

Present:
Hon. Judith J. Gische
      J.S.C.

Recitation, as required by CPLR 2219 [a], of the papers considered in the review of this (these) motion(s):

| Papers | Numbered |
|---|---|
| Notice of Pet & Verified Pet, exhs | 1 |
| NYCHR answer | 2 |
| MSK opp w/ JEC affirm | 3 |
| Transcript June 5, 2006 | 4 |
| Transcript June 5 - 6, 2007 | 5 |

Gische, J.:

*Upon the foregoing papers, the decision and order of the court is as follows:*

This is the petition of Edmund Bryan ("Bryan"), pursuant to section 8-123 (h) of the New York City Administrative Code, for an order reversing the decision and order by the City of New York Commission on Human Rights[1] ("CCHR") dated October 3, 2006.

---

[1] Though the petition is awkwardly styled, all agree that CCHR is a respondent, and not a petitioner, in this proceeding.

-Page 1 of 8-

The commissioners dismissed the complaint filed by petitioner Edmund Bryan in the matter of *Edmund Bryan v. Memorial Sloan Kettering Cancer Center, John Meggs, Rupert Gillette, and Sheila Donaghue*[2], Complaint No. 02-1013240, OATH No. 06/0183]["order of dismissal"]. In doing so, the commissioners confirmed the report and recommendations of the Administrative Law Judge ("ALJ Casey") rendered after a testimonial hearing before him on June 5 and 6 2006 (the "OATH").

CCHR has answered the petition and opposes it on the basis that there is substantial evidence supporting its order of dismissal. Memorial Sloan Kettering Cancer Center and the individually named respondents ("respondents") separately oppose the petition as well.

**Background**

Mr. Bryan alleges that he is the victim of discrimination and been subjected to a hostile work environment based upon his supervisor's (mistaken) belief and perception that he is a homosexual. He contends that this is also the reason why he was denied a promotion, though he was better qualified for the job than the person actually promoted. Mr. Bryan alleges further that he has complained to his employer about these inappropriate comments or vulgar language, but his employer did nothing to stop them. Instead, Mr. Bryan claims his employer and even went so far as to deny him the promotion in retaliation for making these complaints.

Mr. Bryan seeks an order reinstating his complaint to the CCHR on the basis that the ALJ's report and recommendations, as confirmed by the commissioners, is not

---

[2]This is the correct spelling of respondent's name; it is incorrectly spelled in the caption of the petition.

MKSCC 00129

supported by substantial evidence on the record considered as a whole. Petitioner contends that he has proved both his claims. He claims that he and his witnesses testified credibly about how slurs like "faggot," "bitch," and "pussy" or comments like "squeeze the Charmin" were (and continue to be) routinely used in his presence or about him. Mr. Bryan alleges that his fellow workers and boss regularly make comments about his "gay t-shirts," or state that only gay men over 30 live at home (Mr. Bryan is 41 and lives with his mother).

Mr. Bryan alleges that the job he applied for was never posted, but simply given to a less qualified employee who is perceived as being a "manly," man not "feminine" or "gay," like him.

The standard for judicial review of findings by the CCHR is a deferential one. Rudow v. NYC Commission on Human Rights and Alvarez, 123 Misc.2d 709 (Sup Ct N.Y. Co., 1984). Where the CCHR's determination is supported by sufficient evidence, it will not be disturbed, and the petition seeking its reversal, etc., must be denied. Barton v. NYC Commission on Human Rights, 151 AD2d 258 (1st Dept 1989). Pursuant to Section 8-123 (e) of the Administrative Code of the City of New York, the findings of the commission as to the facts shall be conclusive if supported by substantial evidence on the record considered as a whole. "Substantial evidence" means "relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." Rainer S. Mittle, Ophthalmologist, P.C. v. New York State Division of Human Rights, 100 NY2d 326, 331 (2003).

**Discussion**

A.  Hostile Work Environment Claim

-Page 3 of 8-

MKSCC 00130

The *prima facie* elements of a hostile work environment claim are that: 1) the complainant is a member of a protected class; 2) the complainant was subjected to unwelcome conduct or speech that was based on his or her membership in that class; 3) the conduct or speech was sufficiently severe or pervasive to create a hostile work environment; and 4) the defendant is liable for such conduct or speech. Harris v. Forklift Systems, Inc., 510 US 17, 21 (1993). A hostile work environment case requires a showing that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and creates an abusive work environment." Pennsylvania State Police v. Sudders, 542 US 129 (2004); Karibian v. Columbia University, 14 F.3d 773, 777 (2d Cir.) *cert. den.* 512 U.S. 1213 (1994); Vitale v. Rosina Food Products, Inc., 283 AD2d 141 (4th dept 2001).

Based upon the credible evidence, ALJ Casey found that no one at petitioner's workplace actually believed that Mr. Bryan is a homosexual. He found that, everyone believes that Mr. Bryan is heterosexual, knows he has had a number of girlfriends, and has even dated some strippers. Mr. Gillette testified that he and Mr. Bryan, in more cordial times, had discussed certain intimate details about Mr. Bryan's sex life, and even extolled the virtues of heterosexual pornography.

ALJ Casey found Mr. Bryan to lack credibility and that much of his testimony had no apparent connection to sexual orientation at all. ALJ Casey alternatively concluded also recommended that even assuming the vulgar words alleged were used, Mr. Bryan was not being singled out (nor were they directed at him) because anyone perceived him as gay. Though Mr. Gillette denies he has ever called Mr. Bryan "gay," or referred

-Page 4 of 8-

to him as a "faggot," even he acknowledged that these terms (and other slurs) were often bandied about by the workers, virtually all young males. These terms were used to provoke each other or express contempt or dislike for a person, or something they were doing, or had done.

Assuming comments were made about Mr. Bryan's "gay t-shirts," ALJ Casey found that they were not made because anybody believed Mr. Bryan was gay, but to express their extreme dislike for Mr. Bryan himself, regardless of his sexual orientation. Thus, although the ALJ believed the vulgar language and slurs ere both boorish and inappropriate, but were not actionable behavior under the Human Rights Law. Alfano v. Costello, 294 F3d 365 (2nd Cir 2002).

Having found that Mr. Bryan failed to prove at least two elements of his prima facie case - 1) that he is (or perceived to be) a member of a protected class, and 2) that he was subjected to unwelcome conduct or speech that was based on his or her membership in that class - the ALJ's recommendation, that the complaint be dismissed is supported by substantial evidence developed at the OATH. Therefore, the commissioners' decision and order confirming the ALJ's recommendation is equally supported and entitled to deference. The commissioners even went so far as to consider whether (assuming arguendo, that Mr. Bryan had established his membership in a protected class), he had proved discriminatory acts by the respondents. They found that he had not done so because his testimony, and that of his witnesses, was not credible.

Since the commissioners' decision to confirm the ALJ report dismissing Mr. Bryan's hostile work environment claim is supported by the substantial evidence it will

MKSCC 00132

not be disturbed.

B.   Retaliatory Discrimination Claim

The elements of a retaliatory discrimination claim (denial of a promotion) are that the complainant: 1) was a member of a protected class, 2) that he or she was qualified for the position sought, 3) denial of the promotion sought; and 4) the circumstances of that denial give rise to an inference of discrimination. Brennan v. Metropolitan Opera Assn Inc., 284 AD2d 66, 70 (1st Dept 2001) (citing McDonnell Douglas Corp. v. Green, 411 US 792 [1973]). The initial burden is on the complainant to prove his or her prima facie case. If s/he is successful, this creates a rebuttable presumption of discrimination. The employer can rebut the inference by proving a legitimate, independent, non-discriminatory reason for the adverse employment action (e.g. here, denial). McDonnell Douglas Corp v. Green, supra.; Forrest v. Jewish Guild for the Blind, 3 NY3d at 305; Ferrante v. American Lung Association, 90 NY2d at 629. If the employer is successful, the burden then shifts back to plaintiff who has to prove that the reason being offered is a pretext, and therefore false.

The ALJ also recommended dismissal of Mr. Bryan's retaliation (denial of promotion) claim. He found credible testimony adduced at the OATH, that Mr. Bryan has poor inter-personal skills as compared to Mr. Rodriguez, the person who was promoted. He credited the testimony by others, including Ms. Donoghue, that Mr. Bryan's complaints did not involve discrimination because he is not perceived as being gay. Though the ALJ Casey believed that Mr. Bryan had complained often about his work environment - and even lodged a complaint with the police department - these complaints were about: 1) loud rap music, 2) being accused of taking drugs, 3) other

MKSCC 00133

workers' attitudes towards him; and 4) an allegedly bigoted comment by another employee about Jamaicans. Mr. Bryan, however, never complained that he was being singled out or treated a certain way because he is actually or is perceived as being gay. In reaching this conclusion, the ALJ found Mr. Bryan's contrary testimony incredible, and the testimony of Ms. Donaghue, employed in the human resources department, and a respondent, credible.

Based upon these credibility determinations, the ALJ found that Mr. Bryan was neither a member of a protected class, nor engaged in a protected activity which had provoked retaliation by his employer in the form of an adverse employment action. The ALJ also determined that Mr. Bryan is immensely disliked in his department, cannot work cooperatively with others, and even by his own admission, appears always to be in the vortex of conflict.

The commissioners confirmed the report and recommendations of the ALJ that this cause of action be dismissed as well, noting that the record was "replete with references to the complainant's anti-social behavior at work and therefore the petitioner failed to show that the adverse employment action (no promotion) was merely pretextual."

While a court reviewing the decision of an administrative agency must exercise "a genuine judicial function" and should not confirm a determination "simply because it was made by such an agency" [see, 300 Gramatan Ave. Assocs. v. State Div. of Human Rts., supra at 181], the court must not disturb such findings where they are supported by substantial evidence, and therefore not arbitrary and capricious. Cf Concord Village Owners, Inc. v. City of New York Com'n on Human Rights, 199 A.D.2d

MKSCC 00134

388 (2 Dept.,1993). Having made credibility findings of the witnesses and applied the law, the commissioners' decision to confirm the report and dismiss Mr. Bryan's civil rights complaint is supported by substantial evidence upon the whole record.

This court's decision, to not disturb CCHR's decision is not a condonation of any of the demeaning, openly vulgar, and clearly inappropriate language used or behavior that appears to have existed within Mr. Bryan's department. Such behavior, however, is not actionable under the Human Rights Law. <u>Alfano v. Costello</u>, 294 F3d 365 (2nd Cir 2002).

**Conclusion**

There is substantial evidence supporting the CCHR's October 3, 2006 decision and order dismissing the complaint by Mr. Bryan, and confirming ALJ Casey's report. There is no legal basis for that decision to be disturbed, or this petition. It is therefore dismissed in its entirety.

*It is hereby*

Ordered that the Clerk shall enter judgment in favor of the respondents against the petitioner dismissing the petition; and it is further

Ordered that any relief not expressly addressed has nonetheless been considered and is hereby denied.

Ordered that this shall constitute the decision and order of the Court.

Dated:   New York, New York
         April 20, 2007

So Ordered:

_____
Hon. Judith J. Gische

-Page 8 of 8-

MKSCC 00135