# Unreported Case – Jackson

CEDRIC JACKSON, Plaintiff, -v- THE CITY UNIVERSITY OF NEW YORK, HUNTER COLLEGE, Defendant.

05 Civ. 8712 (JSR)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2006 U.S. Dist. LEXIS 43338

June 26, 2006, Decided

June 26, 2006, Filed

**PRIOR HISTORY:** Jackson v. City Univ. of N.Y., 2006 U.S. Dist. LEXIS 43221 (S.D.N.Y., June 21, 2006)

**COUNSEL:** {*1} For Cedric Jackson, Plaintiff: Chinyere Y Okoronkwo, Law Firm of Chinyere Okoronkwo, Esq, New York, NY.

For The City University of New York, Hunter College, Defendant: Clement John Colucci, III, New York State Department of Law, New York, NY.

**JUDGES:** JED S. RAKOFF, U.S.D.J.

**OPINION BY:** JED S. RAKOFF

**OPINION:**
*SUPPLEMENTAL MEMORANDUM*

JED S. RAKOFF, U.S.D.J.

By Memorandum Order dated June 21, 2006, the Court granted defendant's motion for summary judgment and dismissed plaintiff's complaint in its entirety, including his retaliation claims. *See* Memorandum Order, 6/21/06, familiarity with which is here assumed. The next day, the Supreme Court issued an opinion, ***Burlington Northern and Santa Fe Railway Company v. White***, No. 05-259, 126 S. Ct. 2405, 165 L. Ed. 2d 345, 2006 U.S. LEXIS 4895 (June 22, 2006) (*"White"*), that gives a formulation of the adverse action needed to support a retaliation claim -- to wit, "that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination," *id.* 2006 U.S. LEXIS 4895 at *8, -- that is slightly different from the prior Second Circuit standard applied in the June 21 order. Although *White* {*2} was concerned with a retaliation claim brought under Title VII, 42 U.S.C. § 2000e-3(a), and plaintiff's claim was brought under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, the two statutes are usually regarded as being *in pari materia* so far as retaliation claims are concerned. *See, e.g., Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). The Court has therefore considered, *sua sponte,* whether the result in the instant case would be different under this formulation set forth in *White*, but finds that it would not.

As noted in the June 21 order, many of plaintiffs claims -- *e.g.*, that he was assigned tasks he was unable to perform and that the defendant misrepresented plaintiff's leave status to the New York Department of Labor -- are unsupported by the record evidence in this case. As to changes in plaintiff's shift, although a change in shift might constitute actionable retaliation under some circumstances, *see White,* 126 S. Ct. 2405, 165 L. Ed. 2d 345, 2006 U.S. LEXIS 4895, *32-33, here there was no evidence in the record that the change in shift was materially adverse to plaintiff, *see* transcript, {*3} 4/24/06, at 10-11. Further, there is no reason to believe that defendant's refusal to transfer plaintiff was "harmful to the point that [it] could well dissuade a reasonable worker" from seeking accommodation under the Rehabilitation Act. *Id.* 2006 U.S. LEXIS 4895 at *8.

As to the negative employment evaluations plaintiff received, there is no evidence in the record that any negative consequences resulted from those evaluations, nor did plaintiff produce any evidence as to the more general significance of these evaluations in the context of plaintiff's place of employment. Accordingly, there is no basis to conclude that the negative evaluations were materially adverse to the plaintiff. The same is true of defendant's decision to send plaintiff for an Article 72 examination; although plaintiff was nominally removed from "light duty" following this examination, his work remained almost exclusively tasks that he was capable of performing.

As to plaintiff's claim that he was constructively terminated because he was forced to resign, plaintiff's sole basis for claiming that he was forced to resign was that his supervisor asked him to sign the resignation form. However, "a reasonable person in [his] {*4} shoes would [not] have felt compelled to resign" under those circumstances. *Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81, 89 (2d Cir. 1996); *cf.*

*Burlington No. & Santa Fe Railway Co.,* 126 S. Ct. 2405, 165 L. Ed. 2d 345, 2006 U.S. LEXIS 4895, *28 ("We refer to reactions of a reasonable employee because we believe that the provision's standard for judging harm must be objective."). Further, given that plaintiff chose to sign the resignation form, the fact that he may not have received some pay checks in the period between his resignation and his return to work can hardly constitute actionable retaliation.

Accordingly, for the foregoing reasons, the Court concludes that its June 21 order is in no material respect affected by the Supreme Court's subsequent decision in *White*.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York

June 26, 2006