**THE SCOTT FIRM, P.C.**

A. Baraka Scott (AS 8751)
55 Washington Street
Suite 750
Brooklyn, New York 11201
(718) 852-7000 (phone)
(718) 852-3302 (facsimile)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X

| | |
|---|---|
| EDMUND BRYAN, | ECF CASE |
| | 07cv7300 (SHS) |
| Plaintiff, | |
| against | Declaration of Edmund Bryan in |
| MEMORIAL SLOAN KETTERING CANCER CENTER, | Opposition to MSKCC's Motion |
| Defendant | for Summary Judgment |

---------------------------------------------------------------------------X

    EDMUND BRYAN hereby declares under penalty of perjury:

1. I am familiar with the facts and circumstances stated herein and make this declaration in furtherance of the above-captioned action of which I am the Plaintiff and in opposition to the MSKCCs' Motion for Summary Judgment.

2. All statements made by me herein based on personal knowledge and or information and belief, the sources being my personal recollection, my personal documents and the documents provided to me by the Defendants in this action pursuant to discovery disclosure.

3. I have been employed by the Defendant Memorial Sloan Kettering Cancer Center. (hereinafter "MSKCC") as a Central Processing Technician for almost twenty years.

4. I have brought the above-captioned action against MSKCC for discrimination on the basis of national origin and sexual orientation, for retaliation and for maintaining a hostile work environment.

5. On January 24, 2007 several of my co-workers and my supervisor, Rupert Gillette, engaged in a conversation where they joked that any man who still lived at home was feminine. It is known by my co-workers that I live at home. My supervisor participated in the conversation and did not make any attempts to stop the discussion or the unwelcome subjects matter.

6. On January 30, 2007 several of my co-workers and my supervisor, Rupert Gillette, engaged in a conversation where they joked that all Jamaicans should be put on the top of a snow covered mountain with a shovel and abandoned there. It is known by my co-workers that I am of Jamaican heritage. My supervisor participated in the conversation and did not make any attempts to stop the discussion or the unwelcome subject matter.

7. My supervisor, Rupert Gillette, has exhibited a clear animus and hostility towards me in his words and deeds. He has frequently used the terms nigger and faggot in the work place and has sanctioned the use by others.

8. My supervisor, Rupert Gillette, has denied me days on leave while granting leave to other employees under the same circumstances.

9. My supervisor, Rupert Gillette, has improperly removed my name from the work schedule as retaliation for complaining about the offensive work environment.

10. My supervisor, Rupert Gillette, has held me out to ridicule by posting copies of my work product in the work place with professional criticisms written on the work product.

11. My supervisor, Rupert Gillette, has intentionally thrown out sensitive employment documents addressed to me.

12. My supervisor, Rupert Gillette, has encouraged an abusive and unprofessional work environment by using profanity and inappropriate language in the work place.

13. I have complained for over six years about the inappropriate language and conduct in the work place and the work conditions have not changed. None of my co-workers have been effectively disciplined as a result of any of my complaints.

14. The warnings given my supervisor, Rupert Gillette, were not taken seriously and his behavior has not modified in any material way.

15. I have been passed over for promotions even though I am experienced and qualified.

16. Claims that I am not suited for supervisory duties are totally fabricated and pretextual.

17. I have always trained other co-workers when directed by my supervisors.

18. Several co-workers that I have trained have subsequently been promoted above me.

19. I have trained Miguel Ruiz, a technician who was hired into a supervisory position above me, at the request of my supervisor, Rupert Gillette.

20. I maintain a professional attitude and posture with my co-workers and supervisors.

21. I have always been a "team player" in the work place. I worked all of my co-workers' weekends and holidays for approximately ten years. I have trained all of my co-workers for over ten years.

22. My supervisor, Rupert Gillette, has created a hostile environment and pitted some of my co-workers against me.

23. MSKCC employees are punished by their supervisors if they make employment complaints. My supervisor, Rupert Gillette, harasses me and constantly criticizes minute

details of my work product as a means of retaliating against me for complaining about the inappropriate work environment.

24. The posting of anti-discrimination policies by MSKCC has only occurred in the past few months.

25. The Lead Technician position that opened in April 2006 was not posted in any place visible to employees and my supervisors did not announce the opening.

26. The Equipment Specialist position was not posted or announced in September 2006.

27. After my complaints in January of 2007, I was harassed continuously by Rupert Gillette.

28. I have always maintained my proper certification as a technician as is required by my job description.

Dated:  Brooklyn, New York
        June 17, 2007

_____/S/_____
EDMUND BRYAN