UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X

EDMUND BRYAN,                                 :

              Plaintiff,               :

      -against-                               :

MEMORIAL SLOAN-KETTERING CANCER       :
CENTER,

           Defendant.                 :

---------------------------------------- X

No. 07 Civ. 7300 (SHS)

ECF CASE


## DEFENDANT'S REPLY MEMORANDUM OF LAW IN
## FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT


**McDERMOTT WILL & EMERY LLP**

340 Madison Avenue
New York, New York  10173-1922
(212) 547-5400

Attorneys for Defendant
Memorial Sloan-Kettering Cancer Center

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ......................................................................... 1

ARGUMENT ..................................................................................................... 2

I.    THERE ARE NO MATERIAL FACTS IN DISPUTE ................................... 2

II.   RES JUDICATA AND COLLATERAL ESTOPPEL BAR CLAIMS BASED ON
      CONDUCT OCCURRING PRIOR TO JULY 25, 2006................................. 3

III.  PLAINTIFF FAILS TO ESTABLISH A CLAIM OF DISCRIMINATION ................... 4

IV.   PLAINTIFF'S RETALIATION CLAIMS ALSO FAIL ................................. 7

V.    PLAINTIFF WAS NOT SUBJECT TO A HOSTILE WORK ENVIRONMENT .......... 9

CONCLUSION.................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

Brink v. Union Carbide Corp.,
  41 F. Supp. 2d 402 (S.D.N.Y. 1997)............................................................................4

Cruz v. Coach Stores, Inc.,
  202 F.3d 560 (2d Cir. 2000)....................................................................................8

Goldman v. Admin. for Children's Servs.,
  No. 04 Civ 7890 (GEL), 2007 U.S. Dist. LEXIS 39102
  (S.D.N.Y. May 28, 2007).......................................................................................6

Harrison v. North Shore Univ. Hosp.,
  No. 04 Civ. 2033 (WDW), 2008 U.S. Dist. LEXIS 17330
  (E.D.N.Y. Mar. 6, 2008) ....................................................................................7, 8

Holt v. Roadway Package Sys.,
  506 F. Supp. 2d 194 (W.D.N.Y. 2007)..................................................................10

Jackson v. City Univ. of N.Y.,
  No. 05 Civ. 8712 (JSR), 2006 U.S. Dist. LEXIS 43338
  (S.D.N.Y. June 26, 2006).......................................................................................8

Janneh v. Regal Entm't Group,
  No. 07 Civ. 79, 2007 U.S. Dist. LEXIS 57297 (N.D.N.Y. Aug. 4, 2007)................4, 9

McLee v. Chrysler Corp.,
  109 F.3d 130 (2d Cir. 1997)....................................................................................6

Mody v. GE,
  No. 04 Civ. 358 (JCH), 2006 U.S. Dist. LEXIS 8611
  (D. Conn. Feb. 21, 2006) .......................................................................................6

Nicastro v. N.Y. City Dep't of Design & Constr.,
  No. 04 Civ. 2134, 2005 U.S. App. LEXIS 4255 (2d Cir. Mar. 14, 2005) ....................8

Ofudu v. Barr Labs., Inc.,
  98 F. Supp. 2d 510 (S.D.N.Y. 2000)........................................................................9

Perry v. Ethan Allen, Inc.,
  115 F.3d 143 (2d Cir. 1997)....................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

Ponniah Das v. Our Lady of Mercy Med. Ctr.,
  No. 00 Civ. 2574 (JSM), 2002 U.S. Dist. LEXIS 7771
  (S.D.N.Y. Apr. 29, 2002), aff'd, 2003 U.S. App. LEXIS 1213
  (2d Cir. Jan. 23, 2003) ...............................................................................9

Taylor v. MCI, Int'l,
  215 F. Supp. 2d 347 (S.D.N.Y. 2002)..........................................................9

Weinstock v. Columbia Univ.,
  224 F.3d 33 (2d Cir. 2000)..........................................................................6

Yarde v. Good Samaritan Hosp.,
  360 F. Supp. 2d 552 (S.D.N.Y. 2005)..........................................................8

## STATE CASE

Blackwell v. Fraser,
  13 A.D.2d 157, 787 N.Y.S.2d 224 (1st Dep't 2004)......................................8

## FEDERAL RULE

Fed. R. Civ. P. 56(e) ...........................................................................4, 7

## PRELIMINARY STATEMENT

Defendant Memorial Sloan-Kettering Cancer Center ("Defendant" or the "Center"), submits this Reply Memorandum of Law in further support of its Motion for Summary Judgment (the "Motion"), for an Order granting summary judgment in its favor and dismissing the Amended Complaint of Edmund Bryan ("Plaintiff" or "Mr. Bryan").[1]  Based on Plaintiff's Memorandum of Law in Opposition to Defendant's Motion ("Opposition Brief" or "Opp. Br."), there are no material facts in dispute, and the Center is entitled to summary judgment on Plaintiff's claims that he was discriminated and retaliated against and experienced a hostile work environment based on federal, state and city anti-discrimination and anti-retaliation laws.

Simply stated, Plaintiff has already had three full and fair opportunities to litigate his claims in front of an Administrative Law Judge, the New York City Commission on Human Rights ("City Commission") and the New York State Supreme Court prior to filing the Amended Complaint in the Southern District of New York.  Despite multiple chances to prove his claims over the last six years, Plaintiff has never been able to demonstrate that the Center's legitimate non-discriminatory and non-retaliatory reasons for its decisions concerning his employment are pretextual or that he experienced a hostile work environment.  For the reasons stated in Defendant's Memorandum of Law in Support of its Motion ("Moving Brief" or "Mov. Br.") and the reasons stated below, Defendant is entitled to summary judgment, and this Court should once and for all dismiss Plaintiff's claims.

---

[1] Defendant relies on the Affidavit of Katherine D. Kale, Esq., sworn to May 30, 2008 ("Kale Aff."), and the exhibits attached thereto, in support of the Moving Brief.  Also, Defendant submits additional pages from the deposition of Rupert Gillette to the Affidavit Of Joel E. Cohen, Esq., sworn to July 2, 2008 ("Cohen Aff."), as Exhibit ("Ex.") A, which is submitted herewith.

**ARGUMENT**

I.    **THERE ARE NO MATERIAL FACTS IN DISPUTE.**

A review of the Opposition Brief and Plaintiff's Rule 56.1 Statement ("Pl. 56.1") in

Response to Defendant's Rule 56.1 Statement ("Def. 56.1") demonstrates that the following

material facts are undisputed (among others not listed here):

a.    Mr. Bryan has received wage increases every year of his employment. (Def. 56.1 ¶50; Pl. 56.1 ¶50.)   The CPD employs many employees from diverse racial and ethnic backgrounds.   (Def. 56.1 ¶36; Pl. 56.1 ¶36.)   For example, the majority of CPD employees are of Caribbean, Central American or African descent. (Id.)

b.    Mr. Bryan reports directly to Rupert Gillette ("Mr. Gillette"), who is the Central Processing Department ("CPD") night shift Supervisor.   (Def. 56.1 ¶18; Pl. 56.1 ¶18.) John Meggs ("Mr. Meggs"), the former Manager of the CPD, was the decision-maker concerning the terms and conditions of Mr. Bryan's employment until January 2008, when Mr. Meggs' employment was terminated. (Def. 56.1 ¶20; Pl. 56.1 ¶20.) Mr. Bryan makes no allegations of discriminatory comments or conduct against Mr. Meggs, who was the decision-maker with respect to departmental promotions.   (Def. 56.1 ¶49; Pl. 56.1 ¶49.)

c.    On June 5-6, 2006, Mr. Bryan's claims of discrimination, retaliation and harassment on the basis of perceived sexual orientation were litigated before an Administrative Law Judge ("ALJ") who determined that: (i) Mr. Bryan was not a member of a protected class and the Center did not discriminate against him based on his perceived sexual orientation by failing to promote him; (ii) the complained-of-conduct was not sufficiently severe or pervasive enough to establish a hostile work environment; and (iii) Mr. Bryan did not engage in protected activity because he never complained of discrimination.  (Def. 56.1 ¶7, 8; Pl. 56.1 ¶7, 8.)

d.    The City Commission adopted the findings of the ALJ and dismissed Mr. Bryan's claims. (Def. 56.1 ¶9; Pl. 56.1 ¶9.)  Mr. Bryan appealed the City Commission's dismissal by way of a petition to the New York State Supreme Court.  (Def. 56.1 ¶10; Pl. 56.1 ¶10.)  On April 20, 2007, the New York State Supreme Court upheld the City Commission's dismissal in a final disposition.  (Def. 56.1 ¶11; Pl. 56.1 ¶11.)

e.    On February 20, 2007, and while his claims were still pending before the New York State Supreme Court, Mr. Bryan filed a charge of discrimination ("Charge") against the Center with the Equal Employment Opportunity Commission ("EEOC").  (Def. 56.1 ¶12; Pl. 56.1 ¶12.)

f.    Mr. Meggs interviewed and selected Miguel Ruiz, who was an outside candidate, to fill the Lead Technician position.  (Def. 56.1 ¶28; Pl. 56.1 ¶28.)  Mr. Ruiz began his employment on July 24, 2006.  (Def. 56.1 ¶30; Pl. 56.1 ¶30.)  On September 14, 2006,

Mr. Meggs moved Kevin Walrond into the vacant Equipment Specialist position. (Def. 56.1 ¶33; Pl. 56.1 ¶33.) In July 2007, the CPD had another opening for an Equipment Specialist on the night shift. Mr. Bryan applied and interviewed for this position with Mr. Meggs. (Def. 56.1 ¶34; Pl. 56.1 ¶34.)

g.    On March 7, 2007, Mr. Bryan made a complaint to Sheila Donoghue in Employee Relations concerning the alleged conduct of the staff members on the night shift. (Def. 56.1 ¶40; Pl. 56.1 ¶40.) Specifically, Mr. Bryan complained about the use of foul language and what he perceived to be a homophobic and derogatory remark towards Jamaicans. (Id.) Ms. Donoghue directed Messrs. Meggs and Gillette to inform the CPD staff to immediately cease any behavior that could be construed as offensive. (Def. 56.1 ¶43; Pl. 56.1 ¶43.)

Mr. Bryan testified that his relationships with his fellow employees, particularly Mr. Gillette, have improved since he filed the Charge with the EEOC. (Def. 56.1 ¶46; Pl. 56.1 ¶46.)

For the reasons stated below, these undisputed facts demonstrate that Plaintiff's alleged discrimination, retaliation and hostile work environment claims cannot survive Defendant's Motion.

## II.    RES JUDICATA AND COLLATERAL ESTOPPEL BAR CLAIMS BASED ON CONDUCT OCCURRING PRIOR TO JULY 25, 2006.

As discussed in greater detail on pages 10-11 of the Moving Brief, Mr. Bryan's claims *that occurred prior to the ALJ's July 25, 2006 decision* are barred by the doctrines of *res judicata* and/or collateral estoppel.[2] (Mov. Br. 10-11.) Notably, in Pl. 56.1, Plaintiff admits that the New York State Supreme Court upheld the ALJ's and the City Commission's dismissal of his discrimination, harassment and retaliation claims. (Def. 56.1 ¶11; Pl. 56.1 ¶11.) Thus, Plaintiff admits that there has been a final adjudication on the merits of his claims occurring prior to July

---

[2] On page 8 of the Opposition Brief, Plaintiff misconstrues Defendant's position by stating that *res judicata* and collateral estoppel do not apply to this action because "[w]holly and totally new acts of discrimination are at issue in the case at bar . . . ." (Opp. Br. 8.) In fact, in the Moving Brief, Defendant specifically requested that this Court apply these doctrines *only* to acts occurring prior to July 25, 2006 (*i.e.*, the date of the ALJ's decision). (Def. Br. 11.) Indeed, Defendant has never taken the position that conduct *following* the decision was ever barred by these doctrines, and seeks summary judgment on those claims for other reasons discussed *infra*.

25, 2006, thereby supporting the defense of *res judicata*. Similarly, Mr. Bryan is collaterally estopped from re-litigating the factual determinations of the ALJ to the extent he purports to raise the same issues in this action. See Janneh v. Regal Entm't Group, No. 07 Civ. 79, 2007 U.S. Dist. LEXIS 57297, at *9-10 (N.D.N.Y. Aug. 4, 2007)(collecting cases). Accordingly, any claims based on conduct that allegedly occurred prior to July 25, 2006 must be dismissed.

## III.    PLAINTIFF FAILS TO ESTABLISH A CLAIM OF DISCRIMINATION.

As detailed on pages 11-15 of the Moving Brief, Mr. Bryan's perceived sexual orientation and national origin discrimination claims are based on the Center's failure to promote him to the Equipment Specialist position that was given to Kevin Walrond in September 2006 and the Equipment Specialist position that was eliminated in or around October 2007. In the Opposition Brief at 9, Plaintiff asserts that his "perceived sexual orientation" is a protected class that can be relied upon in asserting his failure to promote claims based on the fact that Mr. Gillette "has told Plaintiff's co-workers that the Plaintiff and another male employee would play a game and touch each other in their groin areas." (Opp. Br. 9.) In support of this proposition, Plaintiff submits the Affidavit of Audwin Fogle ("Fogle Aff."), which states that "*[o]n one occasion*, . . . Gillette told co-workers . . . and I, that Edmund Bryan played 'grabbing dick' games with another male co-worker."[3] (Fogle Aff. ¶5, emphasis added.)

As an initial matter, Mr. Fogle's Affidavit contains absolutely no dates, so it is unclear when this speculative "occasion" occurred, *i.e.*, whether it occurred prior to the ALJ's July 25, 2006 decision dismissing Plaintiff's claims. In fact, the speculative affidavit submitted by Mr.

---

[3] Pursuant to Rule 56(e), both the Bryan Declaration and the Fogle Affidavit in Opposition to the Motion should be stricken by this Court because they contain conclusory statements, legal conclusions and hearsay. Fed. R. Civ. P. 56(e). At his deposition, Mr. Bryan never testified to the contents of paragraphs 7 and 10 of his Affidavit, so these allegations cannot be considered on summary judgment. Also, the Fogle Affidavit is largely composed of hearsay, so it must be stricken. Brink v. Union Carbide Corp., 41 F. Supp. 2d 402, 403-04 (S.D.N.Y. 1997)(striking portion of plaintiff's opposition affidavit because it contained conclusory assertions, hearsay and legal argument).

Fogle, a former employee, summarizes his testimony from the hearing before the ALJ, which the ALJ discredited.[4]   Thus, because Mr. Fogle's testimony (as set forth in his affidavit) has already been discredited, and the New York Supreme Court and City Commission affirmed that decision, Mr. Fogle's affidavit should be stricken from the record under the collateral estoppel doctrine.  In any case, the ALJ firmly established that *no one* at the Center perceives Plaintiff to be homosexual.  (Pl. Dep. 51-52; Kale Aff., Ex. A pp. 2, 8.)   Thus, this factual determination precludes Mr. Bryan's membership in a perceived sexual orientation class, and he cannot assert a claim based on such.

   In addition, Mr. Bryan cannot establish a *prima facie* failure to promote claim based on his national origin because he cannot show that he was qualified to be an Equipment Specialist. There is no dispute that Mr. Bryan is proficient in his duties (*i.e.*, sterilizing and packaging medical tools), but the Center has always taken the position that Mr. Bryan lacks the interpersonal skills required for a supervisory position, which the ALJ confirmed.  (Kale Aff., Ex. A p. 8.)   Instead of disputing this fact with evidence, Plaintiff summarily states in the Opposition Brief that he has performed his duties "in an exceptional manner."[5]   (Opp. Br. 10). To the contrary, Mr. Bryan's numerous evaluations over the years support the Center's position that Plaintiff lacks the interpersonal skills necessary to obtain a promotion to a supervisory position (Pl. Dep. 13-14, 18, 22-23, 25, Exs. 1-7.)   Also, Plaintiff did not dispute the evidence attained from at least two deponents, including Mr. Bryan's psychiatrist, who observed that Plaintiff has a difficult time interacting with others and is not "emotionally disposed" to

---

[4] Moreover, Mr. Fogle states in Paragraph 1 of his Affidavit that he left the Center in 2006, so his comments are barred based to the extent they concern events that occurred prior to July 25, 2006. (Fogle Aff. ¶1.)

[5] Plaintiff further undercuts his argument that he is qualified to be promoted because he states that Mr. Gillette "has consistently referred MSKCC employees to Edmund Bryan for job training," and yet also asserts that Mr. Gillette ostracized Mr. Bryan when he "discouraged new employee[s] from communicating with the Plaintiff." (Opp. Br.

(continued...)

supervising other people.  (Ruiz Dep. 50-58; Murphy Dep. 25-26.)  Accordingly, Mr. Bryan is not qualified to supervise others.

Further, the Opposition Brief does not identify any discriminatory comments or conduct attributable to Mr. Meggs, the only decision-maker who had the authority to promote Plaintiff, and who promoted at least three Jamaican employees in the CPD.  Significantly, Mr. Bryan admits in Pl. 56.1 that he has not complained about Mr. Meggs and that his relationship with Mr. Gillette, to whom he attributes his problems, has improved since February 2007.  (Def. 56.1 ¶¶46, 49; Pl. 56.1 ¶¶46, 49);  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000); McLee v. Chrysler Corp., 109 F.3d 130, 137 (2d Cir. 1997); Goldman v. Admin. for Children's Servs., No. 04 Civ. 7890 (GEL), 2007 U.S. Dist. LEXIS 39102, at *13 (S.D.N.Y. May 28, 2007). Mr. Bryan also does not dispute that Mr. Gillette's "negative perception" of him, rather than any discriminatory animus, was the cause of their previously challenging work relationship.  (Pl. Dep. 40.)  Given these undisputed facts, Mr. Bryan cannot establish a *prima facie* case.

In addition, Mr. Bryan has not disputed the Center's legitimate, non-discriminatory reasons for failing to promote him are pretextual.  Indeed, the ALJ confirmed that Mr. Bryan failed to advance at the Center because of a deficiency in his interpersonal skills, which the ALJ noted in his decision based on Mr. Bryan's live testimony.  (Kale Aff., Ex. A pp. 2, 8); Mody v. GE, No. 04 Civ. 358 (JCH), 2006 U.S. Dist. LEXIS 8611, at *23 (D. Conn. Feb. 21, 2006). Moreover, Mr. Bryan did not dispute the Center's concern that he made his co-workers feel unsafe in the workplace, which is another non-discriminatory reason for not promoting him.[6]

---

10-12.)  Indeed, if Mr. Gillette were attempting to isolate Plaintiff, it would be nonsensical for him to send new employees to Plaintiff for training.

[6] Indeed, in Pl. 56.1, Mr. Bryan denies the fact that his coworkers felt uncomfortable, "to the extent that Plaintiff has not created an uncomfortable work environment." (Pl. 56.1 ¶24, citing Fogle Aff. ¶2.)  Regardless of whether or not Mr. Bryan or Mr. Fogle agree that Plaintiff has made any co-workers feel uncomfortable, the fact that his co-
(continued...)

(Ruiz Dep. 55-58; Dudley Aff. ¶16, Ex. F); <u>Harrison v. North Shore Univ. Hosp.</u>, No. 04 Civ. 2033 (WDW), 2008 U.S. Dist. LEXIS 17330, at *26-27 (E.D.N.Y. Mar. 6, 2008).

Further, to establish an inference of discrimination, Plaintiff attempts to argue that the Center "rubber-stamp[ed] investigations" into Plaintiff's allegations.[7]  (Opp. Br. 11).  However, the fact that the Center interviewed employees regarding these incidents, counseled an employee regarding his behavior, made notes in that employee's performance evaluation and spoke to the entire department about the importance of cultural sensitivity belies any inference of discrimination.  (Donoghue Dep. 56-57; Gillette Dep. 57-58, 66; Dudley Aff., Ex. F.)   In addition, Plaintiff does not dispute the fact that the CPD is largely staffed by individuals from Caribbean, African and Central American descent, which undercuts his claim that there is an inference of discrimination based on his national origin.  (Def. 56.1 ¶36; Pl. 56.1 ¶36.)  Thus, the Court must dismiss the failure to promote claims.

## IV.    PLAINTIFF'S RETALIATION CLAIMS ALSO FAIL.

Mr. Bryan claims that the Center has retaliated[8] against him by:  (i) refusing to promote him; (ii) providing him with negative performance evaluations; and (iii) verbally reprimanding

---

workers *felt* uncomfortable enough to complain to the Center further supports the Center's legitimate, non-discriminatory reason for not promoting Plaintiff to a supervisory position.

[7] Plaintiff attempts to establish an inference of discrimination based on Mr. Gillette's use of the terms "nigger" and "faggot."  (Bryan Decl. ¶7.)  Significantly, neither of these terms was brought up at Mr. Bryan's deposition, so it is improper to assert them in an affidavit in opposition to summary judgment.  Fed. R. Civ. P. 56(e).  Given that Mr. Bryan is not asserting any race discrimination claim, and Mr. Gillette is in fact black, the first term is not relevant to the analysis.  Also, the ALJ already determined that the occasional use of the word "faggot" was part of the horseplay slang used by people in the department and did not represent any perception that Mr. Bryan (or anyone else) was actually homosexual.  (Kale Aff., Ex. A. at 5)

[8] Notably, Plaintiff does not address or dispute any of Defendant's legal contentions regarding the deficiencies of his retaliation claims.  Thus, he has effectively conceded that there are no disputes concerning his retaliation claims, so these claims must be dismissed.  <u>See Blackwell v. Fraser</u>, 13 A.D.2d 157, 787 N.Y.S.2d 224 (1st Dep't 2004)(finding no triable issue of material fact where plaintiffs failed to respond to defendant's evidence presented in its motion for summary judgment).

him.[9]  (Pl. Dep. 55-56, 59.)  As demonstrated in greater detail in the Moving Brief, Plaintiff's

efforts to demonstrate retaliation fail because the receipt of unfavorable performance reviews and

verbal reprimand do not rise to the level of being materially adverse actions as a matter of law.

See, e.g., Harrison, 2008 U.S. Dist. LEXIS 17330, at *31-32; Jackson v. City Univ. of N.Y., No.

05 Civ. 8712 (JSR), 2006 U.S. Dist. LEXIS 43338, at *2-3 (S.D.N.Y. June 26, 2006).  Here,

Plaintiff admits in Pl. 56.1 that he has consistently received wage increases *every year* of his

employment and that Plaintiff's relationship with his co-workers has improved since filing the

EEOC Charge, undercutting any retaliation theories.  (Def. 56.1 ¶¶46, 50; Pl. 56.1 ¶¶46, 50.)

Moreover, Mr. Bryan cannot establish a *prima facie* case of retaliation with respect to his

failure to be promoted to the Equipment Specialist position filled by Mr. Walrond in September

2006, because that act occurred prior to Plaintiff's filing of the EEOC Charge on February 20,

2007, and Plaintiff did not dispute this sequence of events.  (Def. 56.1 ¶33; Pl. 56.1 ¶33.)  See

Nicastro v. N.Y. City Dep't of Design & Constr., No. 04 Civ. 2134, 2005 U.S. App. LEXIS

4255, at *2-3 (2d Cir. Mar. 14, 2005).  Additionally, Mr. Bryan has not disputed that between

five and eight months lapsed between the filing of his EEOC Charge and the 2007 Equipment

Specialist opening, which period of time is too attenuated to establish a causal connection.

Yarde v. Good Samaritan Hosp., 360 F. Supp. 2d 552, 562 (S.D.N.Y. 2005).

Moreover, the Center has articulated legitimate, non-retaliatory reasons for Mr. Bryan's

failure to be promoted (*i.e.*, Plaintiff's lack of interpersonal skills), which reasons are unrelated to

Mr. Bryan's protected activities.  Mr. Bryan has not demonstrated any pretext for Defendant's

---

[9] As stated in the Moving Brief, to the extent Mr. Bryan asserts that he has been retaliated against by having his name removed from department charts and schedules and being assigned to cover another employee's shift over the weekend, such an assertion fails at the outset because Mr. Bryan testified that this alleged conduct was attributable to his refusal to sign his performance evaluation, not retaliation.  (Pl. Dep. 61-64.)  See Cruz v. Coach Stores, Inc., 202 F.3d 560, 567 (2d Cir. 2000).

proffered reasons, which is insufficient as a matter of law, so this Court should dismiss his retaliation claims. See Ofudu v. Barr Labs., Inc., 98 F. Supp. 2d 510, 513-14 (S.D.N.Y. 2000). Finally, as his prior case demonstrates, the Center found Mr. Bryan not to be promotable because he received criticism in his evaluations and was reprimanded for years before he ever alleged any form of discrimination. Thus, his retaliation claims fail.

## V.    PLAINTIFF WAS NOT SUBJECT TO A HOSTILE WORK ENVIRONMENT.

The Center is entitled to summary judgment on Mr. Bryan's hostile work environment claims based on his perceived sexual orientation because he continues to rely on the same comment that men who live at home with their mothers are feminine, which was already found to be legally insufficient by the ALJ, the City Commission and the New York State Supreme Court. (Def. 56.1 ¶¶8-11; Pl. 56.1 ¶¶8-11; Pl. Dep. 38-43, 52; Donoghue Dep., Ex. A; Kale Aff., Ex. A p. 4.)  Not only is this comment barred by collateral estoppel, see Janneh, 2007 U.S. Dist. LEXIS 57297, at *9-10; Taylor v. MCI, Int'l, 215 F. Supp. 2d 347, 352-53 (S.D.N.Y. 2002), but it is well-settled that a one-time comment, that does not reference Plaintiff's alleged protected categories and does not even name Plaintiff, does not rise to the level of creating a hostile work environment.  Plaintiff relies on the Fogle Affidavit to introduce the comment discussed *supra* at 4.   Even if this comment were made, two comments over Mr. Bryan's twenty years of employment at the Center can hardly constitute a hostile work environment. See Ponniah Das v. Our Lady of Mercy Med. Ctr., No. 00 Civ. 2574 (JSM), 2002 U.S. Dist. LEXIS 7771, at *22 (S.D.N.Y. Apr. 29, 2002), aff'd, 2003 U.S. App. LEXIS 1213 (2d Cir. Jan. 23, 2003).

With respect to the allegation that Mr. Bryan's coworkers mimicked a Jamaican accent, the Center satisfied its legal duty by promptly investigating the allegations of these comments. (Donoghue Dep. 56-57; Gillette Dep. 57-58, 66; Dudley Aff., Ex. F.); see Perry v. Ethan Allen, Inc., 115 F.3d 143, 153 (2d Cir. 1997).  Concerning the comments allegedly made by co-worker

Jemel Robinson and outside vendor Kevin O'Connor, these comments were never corroborated, and Mr. Bryan has not demonstrated that these relatively minor comments interfered with the performance of his duties, which is insufficient to survive summary judgment. (Pl. Dep. 43, 53-54, 109-112; Donoghue Dep. 26-27, 60, Ex. A; Gillette Dep. 86-87); Holt v. Roadway Package Sys, 506 F. Supp. 2d 194, 203-204 (W.D.N.Y. 2007). Moreover, Mr. Bryan undermines his own allegations of a hostile work environment by admitting in the Pl. 56.1 that his relationship with Mr. Gillette and others has *improved* since he filed the Charge.[10] (Def. 56.1 ¶46; Pl. 56.1 ¶46.) Thus, Mr. Bryan's hostile work environment claims must be dismissed as well.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion for Summary Judgment in its entirety.

Dated: New York, New York
       July 2, 2008

<div style="margin-left:40%">

Respectfully submitted,
McDERMOTT WILL & EMERY LLP

By: _____
    Joel E. Cohen (JC 5312)
    Katherine D. Kale (KK 7586)
    340 Madison Avenue
    New York, New York  10173
    (212) 547-5400

</div>

NYK 1167483-1.034164.0066

---

[10] Paragraphs 7 and 10 of the Bryan Declaration should be stricken for the reasons listed in footnote 3, *supra*. Plaintiff's improper attempt to introduce the novel allegation regarding the posting of Mr. Bryan's work product in the workplace by Mr. Gillette (Bryan Decl. ¶10) should not be condoned by this Court, especially because (i) the incident was not brought up at Plaintiff's deposition and (ii) Mr. Gillette denied this conduct at his deposition. (Cohen Aff., Ex. A..)