# EXHIBIT A

**COPY**

          1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
EDMUND BRYAN,

          Plaintiff,

    -against-            No. 07 Civ. 7300 (SHS

                         ECF Case

MEMORIAL SLOAN-KETTERING CANCER
CENTER,

          Defendant.
------------------------------------x

          April 29, 2008
          10:10 A.M.

          Deposition of Defendant, by RUPERT GILLETTE, taken by Plaintiff, pursuant to Notice, at the offices of The Scott Firm, 55 Washington Street, Suite 705, Brooklyn, New York 11201, before Charisse Romeo, a Shorthand Reporter and Notary Public within and for the State of New York.



ARTA PASCULLO, President

**CLASSIC REPORTING, INC.**
**TOTAL LITIGATION SUPPORT**
13 West 36th Street • New York, New York 10018
Tel: (212) 268-2590 • Fax: (212) 268-2596

99

1           R. Gillette

2       Q.   When you say keep a record?

3       A.   Of all mistakes that staff makes,
I'll get a copy of like sometimes they will
assemble trays or like in a situation like
this, the day shift will give me a copy,
something like that.

8       Q.   Okay.

9       A.   And I have a file that I just
keep all the files in.  Reason for keeping
that is that if a particular staff continues
to make mistakes, you know, I have copies of
and I can show the staff all the mistakes they
have made, so it is just -- I just keep it in
a file, all right?

16      Q.   Did you tape this up on a wall
somewhere in the unit?

18      A.   No.  There is no reason to do
that, no.

20      Q.   Did you give a copy of this to
Edmund Bryan?

22      A.   No.  I don't give staff -- if
staff makes a mistake and I get a copy of
whatever the mistake is, I would show the
staff, but I would keep it in a file.

CLASSIC REPORTING, INC., 212-268-2590

                                                                    101

1                          R. Gillette

2    whatever the mistake is.  They'll understand

3    and I'll take this specific paper and I'll

4    file it.

5           Q.    So this was never taped up in the

6    unit?

7           A.    Absolutely not.  No reason to.

8           Q.    And you didn't take it down after

9    Mr. Bryan received his right to sue letter

10   from the EEOC?

11               MS. KALE:  Objection.

12          A.    Take what down?

13          Q.    Take the document that is in your

14   hand down?

15          A.    It was never taped up or pasted

16   up in the unit.

17               MR. SCOTT:  Mark this for

18         identification.

19               (Document marked Plaintiff's

20          Exhibit F for identification, as

21          of this date.)

22          Q.    Mr. Gillette, take a look at that

23   document, it has been marked as Plaintiff's

24   Exhibit F, and let me know when you are done.

25               MS. KALE:  I would just like the

                CLASSIC REPORTING, INC., 212-268-2590